IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jacqueline F. Foshee, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:11-2912-RMG |
| ) | |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | **ORDER** |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 26). Plaintiff seeks an award of $3,528.00 based upon 19.6 hours of attorney's time compensated at $180 per hour. (Dkt. Nos. 26-1 at 4-6; 26-2). Plaintiff asserts she is entitled to an award under EAJA because the Defendant's position in the Social Security disability appeal was not substantially justified and the amount of fees and costs requested are reasonable. (Dkt. No. 26-1 at 2-4). Defendant opposes an award under EAJA, arguing that the Government's position was substantially justified because the Court relied on a recent decision of the Fourth Circuit, *Bird v. Commissioner of Social Security Administration*, 699 F.3d 337 (4th Cir. 2012), which was issued subsequent to the final decision of the Commissioner. (Dkt. No. 27 at 3-4).

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan,*

935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).

This Court reversed the decision of the Commissioner denying Plaintiff disability insurance benefits and remanded the case to the agency because of the Administrative Law Judge's failure to consider a significant body of medical evidence post Plaintiff's date last insured that provided retrospective insight into Plaintiff's condition prior to her date last insured. (Dkt. No. 24 at 4-8). While Defendant is correct that the Court referenced the *Bird* decision in its order, the *Bird* decision was but the latest of a long line of Fourth Circuit decisions that have held that medical evidence post the date last insured may be useful in providing a retrospective insight into the claimant's medical condition prior to the date last insured and must be considered by the Commissioner if linked to the prior medical condition of the claimant. *See Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987); *Cox v. Heckler*, 770 F.2d 411, 413 (4th Cir. 1985); *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir. 1969). Thus, the Court finds that the failure of the Commissioner to consider the significant body of medical evidence after the Plaintiff's date last insured in this case was not substantially justified and Plaintiff is entitled to an award under EAJA.

The Defendant has asserted no challenge to the Plaintiff's requested hourly rate, hours expended, or total award. The Court has reviewed the motion of memorandum of Plaintiff, as well as the supporting underlying documentation, and finds the total fee request, hours expended, and hourly rate to be reasonable and authorized under applicable law. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Therefore, the Court grants an attorney's fee award to Plaintiff under

-2-

EAJA in the amount of $3,528.00. The Commissioner is directed to make the check payable to Plaintiff and to deliver the check to Plaintiff's counsel.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
March 19, 2013